Welch, C. J.
Hnder our statute (2 S. & C. 1125), the writ of mandamus can be issued only in cases where the law “ specially enjoins a duty resulting from office, trust, or station.” The act in question enjoins no duty upon the commissioners of Henry county; it merely authorizes them to levy the tax and build the bridge, leaving it to their discretion whether they will exercise the power so given.
In the absence of this statute, the commissioners had power to build the bridge, provided its cost did not exceed $10,000. If its cost would exceed that sum, a vote of the people of the county was required., before it could be built by the commissioners. The only effect of the statute, therefore, was to remove this restriction, and give the commissioners of Henry county the same power to build this particular bridge, which they might exercise without the statute, in the building of bridges costing less than $10,000. In other words, it simply put this bridge, irrespective of its cost, in the category of bridges costing less than $10,000. It imposed no new duty upon the commissioners. This counsel seem to concede; but they contend that, having taken the first step under the act, the commissioners are bound to go on to the end. We do not so understand the law. If such be the law applicable to the building of this bridge, then it must be the law applicable to the building of any and all bridges authorized to be built by the commissioners ; their discretion must, in every case, be exhaustively exercised before they commence the work, no matter what may afterward happen. .They have no locus penitential, and the first step in the work necessitates the last step. Such can not be the law of the case. Surely, the law “specially enjoins” no such duty upon the county commissioners—the duty .to persist in a work deemed useless and injurious. •
Counsel for the relators refer us to the cases of R. & P. *214 Turnpike Company v. Comm’rs of Sandusky County, 1 Ohio St. 149; State ex rel. v. Comm’rs of Warren County, 17 Ohio St. 558; State ex rel. v. Comm’rs of Holmes County, 17 Ohio St. 608; State ex rel. v. Comm’rs of Perry County, 5 Ohio St. 497; and Supervisors v. United States, 4 Wallace, 435, in support of their position. We deem it unnecessary to notice these cases farther than to say that they do not seem to us to be analogous to the present case, or to furnish any authority for the position assumed.
It is also contended that to abandon the building of the bridge* after the levy and collection of the tax, would be in violation of section 5 article 12 of the state constitution, which declares that “ every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied.” It is a sufficient answer to this claim to say that the commissioners have not yet applied, or proposed to apply, this tax to any other object than the building of the bridge in question. When they attempt to do so, it will be time enough to interfere, and restrain them by injunction, or otherwise. In the absence of legislation enabling the. commissioners to dispose of the money. otherwise than in construction of the bridge, I suppose they have power to order its repayment to the taxpayers, by credit upon future taxes, or otherwise. This, however, is a matter we are not called upon to decide. It is enough to say, as we do say, that the commissioners can not be compelled by mandamus to take further steps in the work, so long as, in their judgment, the best interests of the county do not require its completion.

Peremptory writ refused.